IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

|  |  |  |
|---|---|---|
| JODENE LARUE, | * | |
| Plaintiff, | * | |
| VS. | * | NO: 3:08CV00156 SWW |
| STAFFMARK, | * | |
| Defendant. | * | |

**Memorandum and Order**

This matter is before the Court on defendant's motion to dismiss. Defendant argues that the allegation of age discrimination contained in plaintiff's complaint is not related to the allegations contained in her charge filed with the Equal Employment Opportunity Commission ("EEOC") and should be dismissed for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. *Peck v. Hoff,* 660 F.2d 371, 374 (8th Cir. 1981). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, a court must take all the allegations of the complaint as true and construe the complaint, and all reasonable inferences arising therefrom, in a light most favorable to the plaintiff. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986). A

motion to dismiss may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Id.* "Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion. However, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint." *Id.*

Title VII requires a plaintiff to exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC. *Shannon v. Ford Motor Co.,* 72 F.3d 678, 684 (8th Cir. 1996). "It is generally recognized that '[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" *Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004)(quoting *Shannon*, 72 F.3d at 684). Once a charge has been filed with the EEOC and the employee receives a letter indicating she has the right to sue with regard to the claims raised in the EEOC charge, the employee has exhausted her administrative remedies and may file suit in federal court. *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 803 (8th Cir. 2002). The employee is limited, however, to pleading only claims which are "like or related" to the substance of the employee's charge before the EEOC. *Satz v. ITT Financial Corp.,* 619 F.2d 738, 741 (8th Cir. 1980).

"Because persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of Title VII. Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Cobb v. Stringer,* 850 F.2d 356, 359 (8th Cir. 1988)(quoting *Griffin v. Carlin,* 755 F.2d 1516, 1522 (11th Cir. 1985)). "Allegations outside the scope of the EEOC charge,

however, circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.,* 210 F.3d 827, 836 (8th Cir. 2000).

In this case, plaintiff attached the Charge of Discrimination she filed with the EEOC to the complaint she filed in this Court. As such, the Court may consider it when analyzing defendant's motion to dismiss. In that charging document, plaintiff checked the boxes indicating discrimination based on sex and retaliation, and made the following allegations:

> I was hired on February 14, 2008. I was sent to work at Denso Manufacturing. A coworker used the F word. He also said dirty old woman. On February 25, 2008, the coworker tried to rush me. He also brushed up against me. I reported this to the Manager. On February 26, 2008, I was told that the job had ended. On February 27, 2008, I complained that I had been harassed and possible sexually abused. I was told that someone would investigate it. Since I complained, I have not been sent on any job assignments.
>
> I was told that they did not have anything for me.
>
> I believe that I was harassed, verbally harassed and sexually harassed because of my sex, female and not sent on any job assignments for complaining about harassment in violation of Title VII of the Civil Rights Act of 1964, as amended.

Am. Compl.[docket entry 6] at 33. In her complaint, plaintiff alleges sex and age discrimination as well as retaliation. Defendant argues that plaintiff's claim of age discrimination is not "like or related to" the substance of her EEOC charges.

The Court agrees that plaintiff's allegation of age discrimination is not "like or related" to her EEOC charge. Even when construing this allegation liberally, the Court finds that the scope of the EEOC's investigation could not have included the age discrimination allegation.

The Court is mindful that plaintiff was proceeding *pro se* when she filed her EEOC charge and complaint. "'[C]ourts should not use Title VII's administrative procedures as a trap for

3

unwary *pro se* civil-rights plaintiffs. . . . We . . . , therefore, when appropriate, construe civil-rights and discrimination claims charitably.'  Even so, 'there is a difference between liberally reading a claim which 'lacks specificity,' and inventing, *ex nihilo*, a claim which simply was not made.'" *Duncan*, 371 F.3d at 1025 (internal citations omitted).

Plaintiff says she told Johnny Glover, the EEOC investigator who helped her complete her Charge of Discrimination, that one of defendant's employees asked her if she would be able to do heavy lifting.  Plaintiff states she believes that question indicates defendant was referring to her age and sex.  Plaintiff says she does not know the difference between age and sex discrimination and that Glover should have included age discrimination in the charge.  The Court has reviewed the exhibits attached to plaintiff's complaint, including the papers she says she provided to Glover. *See* docket entry 6 at 12.  There is nothing in her handwritten notes about being asked the alleged discriminatory question or about age discrimination in general.

Because it is undisputed that plaintiff failed to make an age discrimination claim in her EEOC charge, plaintiff failed to exhaust her administrative remedies with regard to that claim and cannot bring it before this Court.  Accordingly, that claim will be dismissed.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [docket entry 21] is granted.  Plaintiff's age discrimination claim is dismissed.

DATED this 12th day of May, 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE